Filing # 153379569 E-Filed 07/14/2022 08:37:43 PM

                                                            IN THE CIRCUIT COURT OF THE 4TH
                                                            JUDICIAL CIRCUIT IN AND FOR
                                                            DUVAL COUNTY, FLORIDA

**KELLY NAPPI,**

       **Plaintiff,**                             CASE NO. _____

v.

**BEST BUY CO., INC. d/b/a
BEST BUY, a foreign Profit
Corporation,**

       **Defendant.**
_____/

## COMPLAINT

Plaintiff, KELLY NAPPI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, BEST BUY CO. OF MINNESOTA, INC. d/b/a BEST BUY ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs to redress injury done to Plaintiff by the Defendant for disability discrimination, failure to accommodate, and retaliation in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") and for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Duval County, Florida, within the jurisdiction of this Honorable Court, and is otherwise *sui juris*. Plaintiff is a covered employee for the purposes of the applicable statutes, the FCRA and FMLA.

3. At all times material hereto Plaintiff was employed by Defendant, having a place of business in Duval County, Florida, where Plaintiff was employed by Defendant. At all times material hereto, Defendant engaged in substantial activity within this State and Duval County.

4. Venue is proper in Duval County, Florida because all of the actions that form the basis of this Complaint occurred within Duval County, Florida and payment was due in Alachua County, Florida.

5. Defendant was a "person" and/or "employer" pursuant to the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA.

7. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

8. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. Plaintiff received a Right to Sue letter from the EEOC on April 19, 2022, and timely brought suit thereafter.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

13. Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and has thus become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff was hired by Defendant on or about August 14, 2006. During the relevant period of this action, Plaintiff was employed by Defendant as an Apple product professional.

15. During the relevant times of this action, Plaintiff's job duties included, but were not limited to, stocking merchandise, answering customer questions regarding Apple products, and making sales of Apple products, among others.

16. At all times material hereto, Plaintiff was qualified for her position with Defendant.

17. On or about August 2020, Plaintiff sustained a back injury while working for Defendant for which she was accommodated.

18. Subsequently, on or about December 30, 2020, Plaintiff sustained another injury while working for Defendant.

19. Plaintiff's December 30, 2020 injury was to her knee; however, this injury caused the previous injury to her back to flare up and worsen, causing her pain and mobility issues.

20. As a result of Plaintiff's knee injury, she was placed in a straight-leg brace.

21. Due to Plaintiff's physical health condition, and according to her doctor's orders, Plaintiff could not bend her legs, squat down, lift heavy objects, or perform more than a minimal amount of walking at a time.

22. Plaintiff's condition caused her to be substantially limited in her ability to perform one or more major life activities, including, but not limited to, walking, running, bending, lifting objects above a certain weight, and standing for extended periods, among others.

23. Plaintiff informed her managers and/or supervisors of the work restrictions recommended by her doctor upon her return to work; however, after a short time back at work, Plaintiff realized that, even with the accommodations suggested by her doctor, she was still experiencing pain and substantial limitations to her mobility.

24. On or about January 2021, Plaintiff's doctor then revised his recommendations for Plaintiff's work accommodations to advise that Plaintiff should only perform work while sitting due to her pain.

25. Plaintiff provided her doctor's notes and medical paperwork to the store's acting general manager and informed the acting general manager of the doctor's orders that Plaintiff only work in a position where she can be sitting. The acting general manager denied the request for accommodation.

26. Shortly thereafter, Plaintiff contacted Defendant's district human resources, speaking to Sara Watlington, to complain about the acting general manager denying her reasonable work accommodation due to her medical condition and mobility restrictions imposed by her doctor.

27. Watlington told Plaintiff that the acting general manager needed to sit down with the Plaintiff to fill out the work accommodations paperwork.

28. Plaintiff spoke to the acting general manager regarding her conversation with human resources and requested to either perform her sales duties while working from home, which other similarly situated, non-disabled employees had been permitted to do, or to work in the store as

a front of store greeter, which afforded her a chair and table to minimize her movement and resulting pain.

29. Defendant told Plaintiff that they would look into the Plaintiff's request to work from home, but in the meantime would allow Plaintiff to work as a greeter.

30. On or about early February 2021, Plaintiff began work as a front of store greeter, though Plaintiff was only in this position for about one-and-a-half days when she was told that she would no longer be permitted to work as a greeter. Additionally, no provision had been made for Plaintiff to work from home and Plaintiff was informed that she would not be accommodated with any other position that would comply with the work restrictions imposed by her doctor.

31. Because Plaintiff was not being accommodated, she applied for and was approved to take leave under the FMLA. Plaintiff was approved to take FMLA leave from on or about February 9, 2021 through on or about April 18, 2021.

32. However, on or about February 11, 2021, a mere two days into Plaintiff's approved FMLA leave, Plaintiff received a call from her general manager informing her that she was going to be terminated upon her return from FMLA leave.

33. The deadline for Plaintiff's termination was then pushed up, as Plaintiff received another call from the general manager on or about February 22, 2021, saying that she was being terminated with an effective date of on or about February 26, 2021.

34. Plaintiff feels that she was discriminated and retaliated against by Defendant based on her disability, her complaints to human resources regarding the failure to reasonably accommodate her work restrictions caused by her physical health condition, and for exercising her rights under the FMLA.

35. On information and belief, other similarly situated employees who did not suffer from any known or apparent disability did not face similar discriminatory or retaliatory treatment.

36. Throughout Plaintiff's employment, Plaintiff always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

37. Any reason proffered by Defendant for the adverse employment actions mentioned herein is mere pretext for unlawful discrimination and retaliation.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

39. Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a class of persons protected in their employment under the FCRA.

40. At all times material hereto, Plaintiff was qualified for her position with Defendant.

41. Plaintiff suffered from injuries to her back and knee, requiring her to wear a straight leg brace. As a result of Plaintiff's physical health condition, Plaintiff regularly experienced pain and discomfort, especially while engaged in even a minimal amount of physical activity. Plaintiff's doctor informed her that her condition and/or symptoms would worsen and her recovery would be prolonged by engaging in physical activities.

42. Due to Plaintiff's physical health condition, and according to her doctor's orders, Plaintiff could not bend her legs, squat down, lift heavy objects, or perform more than a minimal amount of walking at a time.

43. Plaintiff's physical health condition caused her to be substantially limited in her ability to perform one or more major life activities, including, but not limited to, walking, running, bending, lifting objects above a certain weight, and standing for extended periods, among others.

44. Plaintiff was known to have or regarded as having a disability by Defendant and Defendant's management and human resources, as Plaintiff had informed her managers and/or supervisors and Defendant's human resources of her health condition(s) verbally and in writing, providing such individuals with doctor's notes and documentation regarding her condition(s).

45. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

46. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

47. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

48. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

49. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

50. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff

possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

51. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

52. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and federal law.

54. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

   **WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

 c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

 d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

 e. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

 f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

57. Defendant is an employer as that term is used under the applicable statute referenced above.

58. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

59. The foregoing unlawful actions by Defendant were purposeful.

60. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation, thereafter, as related in part above.

61. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

62. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

63. These damages are continuing and are permanent.

   **WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been retaliated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Failure to Accommodate in Violation of the FCRA*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this

Complaint as if set out in full herein.

65. Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a class of persons protected in their employment under the FCRA.

66. At all times material hereto, Plaintiff was qualified for her position with Defendant.

67. Plaintiff suffered from injuries to her back and knee, requiring her to wear a straight leg brace. As a result of Plaintiff's physical health condition, Plaintiff regularly experienced pain and discomfort, especially while engaged in even a minimal amount of physical activity. Plaintiff's doctor informed her that her condition and/or symptoms would worsen and her recovery would be prolonged by engaging in physical activities.

68. Due to Plaintiff's physical health condition, and according to her doctor's orders, Plaintiff could not bend her legs, squat down, lift heavy objects, or perform more than a minimal amount of walking at a time.

69. Plaintiff's physical health condition caused her to be substantially limited in her ability to perform one or more major life activities, including, but not limited to, walking, running, bending, lifting objects above a certain weight, and standing for extended periods, among others.

70. Plaintiff was known to have or regarded as having a disability by Defendant and Defendant's management and human resources, as Plaintiff had informed her managers and/or supervisors and Defendant's human resources of her health condition(s) verbally and in writing, providing such individuals with doctor's notes and documentation regarding her condition(s).

71. At all times material hereto, Plaintiff was qualified for her position with Defendant.

72. Plaintiff can and did perform the essential functions of her job with or without reasonable

accommodation.

73. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation. Plaintiff's request for a work accommodation was reasonable and would not have caused Defendant undue hardship.

74. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*Interference with Rights under the FMLA*

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

76. At all times material hereto, Plaintiff was an individual entitled to protections under the FMLA.

77. Plaintiff was an employee within the meaning of the FMLA.

78. Plaintiff was eligible for FMLA leave due to her suffering from one or more serious health conditions within the meaning of the FMLA, specifically Plaintiff sustained injuries to her back and knee, which required Plaintiff to be placed in a straight leg brace for an extended period of time.

79. Plaintiff gave Defendant sufficient notice of her physical health condition and need for leave under the FMLA.

80. Plaintiff qualified for and was approved for such leave, which began on or about February 9, 2021.

81. Under the FMLA, Plaintiff had the right to be able to take leave and be restored to her former position or its equivalent.

82. When Defendant terminated Plaintiff, Defendant interfered with Plaintiff's right to take FMLA leave and to return to her position (or its equivalent), constituting violations of the FMLA.

83. As a result of Defendant's willful, unlawful conduct, Plaintiff has suffered and continues to suffer damages.

84. Defendant, by and through its officers, agents, and/or representatives, authorized, condoned, and/or ratified the unlawful conduct of its employees.

    **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay

    e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation in Violation of the FMLA*

85. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

86. At all times material hereto, Plaintiff was an individual entitled to protections under the FMLA.

87. Plaintiff was an employee within the meaning of the FMLA.

88. Plaintiff was eligible for FMLA leave due to her suffering from one or more serious health conditions within the meaning of the FMLA, specifically Plaintiff sustained injuries to her

back and knee, which required Plaintiff to be placed in a straight leg brace for an extended period of time.

89. Plaintiff gave Defendant sufficient notice of her physical health condition and need for leave under the FMLA.

90. Plaintiff qualified for and was approved for such leave, which began on or about February 9, 2021.

91. The fact that Plaintiff requested and/or took such leave was a "protected activity" under the FMLA.

92. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

93. Plaintiff requested and was approved for FMLA leave during her employment with Defendant. Plaintiff requested and subsequently used the intermittent FMLA leave to manage and recuperate from her serious health condition(s) within the meaning of the FMLA due to Defendant's failure to accommodate her, as related in part above, and was terminated shortly thereafter. There is thus a causal connection between Plaintiff's protected activity and the retaliatory employment action that followed.

94. Defendant's purported reason(s) for terminating Plaintiff, if any, are pretextual.

95. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

96. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits he would have, had he not been retaliated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 14, 2022                     Respectfully submitted,

                                                                         */s/ Corey L. Seldin*  
                                                                          Peter M. Hoogerwoerd, Esq.  
                                                                          Fla. Bar No.: 188239  
                                                                          pmh@rgpattorneys.com  
                                                                          Corey L. Seldin, Esq.  
                                                                          Fla. Bar. No.: 1026565  
                                                                          cseldin@rgpattorneys.com  
                                                                          **REMER & GEORGES-PIERRE, PLLC**  
                                                                          COURTHOUSE TOWER  
                                                                          44 West Flagler Street, Suite 2200  
                                                                          Miami, FL 33130  
                                                                          Telephone: (305) 416-5000  
                                                                          Facsimile: (305) 416-5005